PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHARLES F. BISESTO (CABN 271353)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6405
    FAX: (415) 436-7234
    Charles.Bisesto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JET ALEXANDER MCCLAY,<br><br>    Defendant. | CASE NO. 3:25-mj-70591-MAG<br><br>MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION<br><br>Date:   May 22, 2025<br>Time:  10:30 a.m.<br>Judge: Honorable Alex G. Tse |

    The United States submits this memorandum in support of its motion to detain defendant Jet Alexander McClay based on a risk of non-appearance in court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

    Defendant Jet McClay was arrested on the evening of May 16, 2025 for importing fentanyl into the United States from Los Cabos, Mexico. While entering the United States through the Customs and Border Protection (CBP) checkpoint at the San Francisco Airport, Mr. McClay was routed to a secondary inspection area. During a search of McClay's luggage and carryon bags, officers with CBP recovered numerous prescription pill bottles containing various blue, yellow and white pills. The officers noted that these pills were not consistent with the label markers on the bottles. A further test of

the blue bills indicated they contained fentanyl. Based on the markings of the other pills, CBP and Homeland Security Investigations officials determined these pills were hydrocodone, oxycodone and alprazolam. In total, McClay was determined to have imported approximately 197.8 grams of fentanyl pills, 441 grams of hydrocodone, 232 grams of oxycodone and 168.8 grams of alprazolam.

A criminal complaint was approved by the Honorable Alex G. Tse, Magistrate Judge for the Northern District of California, on the evening of May 18, 2025. That complaint charged Mr. McClay with a single violation of 21 U.S.C. §§ 952(a) and 960(b)(3), illegal importation of a Schedule II narcotic. The complaint was filed with the clerk's office on the morning of May 19, 2025. *See* Dkt. 1. On May 19, 2025, Mr. McClay had his initial appearance before the Magistrate Court and was arraigned on the charge. The government moved for detention based on the defendant's risk of flight and the matter was calendared for a detention hearing to be heard on May 22, 2025.

On May 20, 2025, Pretrial Services filed a Pre-Bail Report, detailing Mr. McClay's living situation and criminal history *See* Dkt. 5. Of note, Mr. McClay has previous arrests and at least one criminal conviction. Additionally, Mr. McClay appears to reside in Westlake, Texas with his mother and younger siblings. Although Pretrial Services suggests that the flight risk Mr. McClay poses can be mitigated through a combination of conditions, the government remains concerned that Mr. McClay will not return to the Northern District of California, if released, to face this prosecution. More to the point, as discussed below, it is unlikely that Mr. McClay can overcome the presumption in favor of detention.

## II.   LEGAL ARGUMENT

### A.   McClay faces a rebuttable presumption in favor of detention.

Generally, the Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant presents a risk of non-appearance need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1]

individualized evaluation [2] guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Consideration of factors outside the articulated factors set forth in Section 3142 is disfavored. *Id.*

In certain cases, like the one here, there is a rebuttable presumption that no condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Here, Mr. McClay was caught trying to bring approximately 200 grams of fentanyl pills into the United States, from Mexico. There is, therefore, probable cause to believe Mr. McClay committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As a result, the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required applies. *See* 18 U.S.C. § 3142(e)(3)(A). As described below, with respect to flight, Mr. McClay will not be unable to overcome this presumption.

**B.    McClay cannot overcome the presumption that he is a flight risk.**

Mr. McClay resides in Westlake, Texas, over 1500 miles from San Francisco. Although he is young, and resides with his family, Mr. McClay's own mother described him as "well-traveled," and indicated he has traveled to Mexico on various occasions. Indeed, Mr. McClay lives significantly closer to the Mexican border than to the Northern District of California. And, in addition to traveling from Los Cabos, Mexico prior to his arrest in this case, Mr. McClay was arrested in 2023 in Brackettville, Texas, a town close to the Mexican border. Mr. McClay's connection and proximity to Mexico suggest he has the means and ability to flee outside the United States and avoid prosecution on this matter.

Additionally, the government is concerned with the proposed conditions Pretrial Services has set forth in the Pre-Bail Report. First, and foremost, Mr. McClay's parents provided inconsistent information in their interviews with Pretrial Services. When asked about her criminal history, Mr. McClay's mother failed to advise Pretrial Services of an active criminal case against her and her answers with respect to the extent of her criminal history were inconsistent with Pretrial Services findings. With respect to Mr. McClay's father, he also neglected to advise Pretrial Services of the extent of his encounters with the criminal justice system. And, like Mr. McClay's mother, Mr. McClay's father resides in Texas, over 1500 miles away from the court proceedings in this case. Given the distance Mr.

McClay will have to travel to return to San Francisco to face these proceedings, Mr. McClay's parents will be critical in facilitating his return to court. The Pre-Bail Report, however, casts doubt on their ability to exercise moral suasion over Mr. McClay.

Maybe more importantly, it appears that, at the time of the conduct in this case, Mr. McClay was on probation for his 2023 arrest out of Brackettville, Texas. *See* Dkt. 5 at p. 5. Like most terms of criminal supervision, as part of his probation, Mr. McClay was required to obey all laws and remain within the Judicial District.[1] Despite these requirements, Mr. McClay decided to travel to Mexico and then re-enter the United States with a large quantity of illegal drugs. If anything, this decision suggests Mr. McClay is also likely to disobey this Court's orders. The logistical challenges inherent in traveling to and from court, from Texas to San Francisco, only amplifies that likelihood.

Finally, Mr. McClay faces a severe penalty if convicted. Because of the quantity of drugs brought into the United States, McClay faces a potential guidelines sentence between 63-78 months.[2] The likelihood of that severe of a penalty—more severe than any penalty he has faced—creates a strong incentive for McClay to flee immediately if released. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee").

## III. CONCLUSION

The United States respectfully requests that Mr. McClay be detained and submits that no conditions of release would reasonably assure his court appearances as required.

DATED: May 21, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

  */s/ Charles F. Bisesto*
CHARLES F. BISESTO
Assistant United States Attorney

---

[1] The government obtained the Order Imposing Conditions connected to Mr. McClay's supervision out of Kinney County, Texas and will be prepared to share that Order with the Court at the time of the detention hearing.

[2] Because Mr. McClay was apprehended with close to 200 grams of fentanyl pills, his base offense level is likely to be calculated at 26 (converted drug weight of 492.5 KG places him in USSG § 2D1.1(c)(7)). Under the sentencing guidelines, with an offense level of 26, and a Criminal History Category I, a criminal defendant faces between 63-78 months in prison.